UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANGELA BRANDY PETERS,

                           Plaintiff,

v.                                                                                CASE # 18-cv-00144

COMMISSIONER OF SOCIAL SECURITY,

                           Defendant.
_____

APPEARANCES:                                         OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC      MARY ELLEN GILL, ESQ.
 Counsel for Plaintiff                                 KENNETH R. HILLER, ESQ.
600 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                 CATHARINE LOUISE
OFFICE OF REG'L GEN. COUNSEL – REGION II    ZURBRUGG, ESQ.
 Counsel for Defendant                               DENNIS J. CANNING, ESQ.
26 Federal Plaza – Room 3904                       NICOL FITZHUGH, ESQ.
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

     The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **GRANTED**, the defendant's motion for judgment on the administrative record is **DENIED,** and the decision of the Commissioner is **REVERSED**.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on February 5, 1985, and has less than a high school education. (Tr. 197, 202). Generally, plaintiff's alleged disability consists of diabetes, kidney problems, anxiety, wound on the left foot due to diabetes, and high blood pressure. (Tr. 201). Her alleged onset date of disability is December 15, 2013. (Tr. 197).

### B. Procedural History

On January 22, 2014, plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (Tr. 181-189). Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On July 13, 2016, plaintiff appeared before the ALJ, Lynette Gohr. (Tr. 31-68). On October 24, 2016, ALJ Gohr issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 7-25). On November 27, 2017, the Appeals Council ("AC") denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-6). Thereafter, plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in her decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2016.

2. The claimant has not engaged in substantial gainful activity since December 15, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: diabetes mellitus with amputation of toes of right foot, cataract in right eye, diabetic neuropathy and gastroparesis. (20 CFR 44.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she could not use foot controls with the right lower extremity and should never climb stairs, ladders, ropes and scaffolds. The Claimant further could never balance, kneel, crouch or crawl. She must avoid work at unprotected heights and around moving mechanical parts and she could perform no work requiring depth perception.

6. The claimant has no past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on February 5, 1985, and was 28 years old, which is defined as a younger individual age 18-44, on the alleged onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1568 and 416.968).

9. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969 and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 15, 2013, through the date of the decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 7-25).

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes two arguments in support of her motion for judgment on the pleadings. First, plaintiff argues the ALJ erred by affording significant weight to the opinions of two consulting psychologists but failing to account for the mental limitations in the RFC. (Dkt. No. 8

at 1 [Pl.'s Mem. of Law]). Second, the ALJ erred by giving significant weight to the opinion of a physical consultative examiner without clarifying the terms used. (Dkt. No. 8 at 1).

### B. Defendant's Arguments

In response, defendant makes two arguments. First, the ALJ appropriately weighed the opinions of Dr. Ippolito and Dr. Ransom in concluding plaintiff did not have a severe mental impairment. (Dkt. No. 13 at 21). Second, defendant argues the ALJ appropriately weighed the medical opinion relating to plaintiff's physical limitations. (Dkt. No. 13 at 18 [Def.'s Mem. of Law]).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where

evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.     Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

Plaintiff asserts the ALJ failed to reconcile her RFC finding with the opinions of Dr. Ippolito and Dr. Ransom. Specifically, plaintiff asserts that the ALJ erred when she afforded "significant weight" to the opinions but failed to adopt any of the limitations into the RFC assessment or explain why she rejected those limitations. (Dkt. No. 8 at 13). The Court agrees.

Dr. Ippolito is a consultative examiner who conducted a psychiatric evaluation of plaintiff on June 6, 2013, at the request of the State agency. (Tr. 255). Dr. Ippolito opined plaintiff was able to follow and understand simple directions and instructions, perform simple tasks independently, maintain attention and concentration, maintain a regular schedule, learn new tasks, perform complex tasks independently, make appropriate decisions, and relate adequately with others. She stated plaintiff could appropriately deal with stress with mild limitations. (Tr. 258).

On April 17, 2014, consultative examiner Dr. Ransom also performed a psychiatric evaluation also at the request of the state agency. (Tr. 286-289). Dr. Ransom opined plaintiff would show no evidence of difficulty following and understanding simple directions and instructions, performing simple tasks independently, maintaining attention and concentration for simple tasks, maintaining a simple regular schedule, and learning simple new tasks. Dr. Ransom opined plaintiff would have mild difficulty performing complex tasks, relating adequately with others, and appropriately dealing with stress due to panic disorder, which was currently mild. (Tr. 288).

The ALJ gave "significant" weight to the opinions of Dr. Ippolito and Dr. Ransom and found the medically determinable mental impairment of anxiety or anxiety related disorder was non-severe at step two. (Tr. 14, 22). In the step four analysis, the ALJ expressly states Dr. Ransom's opinion is generally consistent with Dr. Ippolito's and with the record as a whole. (Tr.

22-23). However, despite Dr. Ransom's finding of mild limitations, which was afforded significant weight, the ALJ did not include any mental limitations into the RFC finding or explain the absence of such finding.

The RFC is an assessment of "the most [plaintiff] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ is responsible for assessing plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what plaintiff can still do, provided by any medical sources. *Id.* §§ 404.1527(d), 404.1545(a)(3), 404.1546(c). It is well settled that an ALJ is entitled to rely upon the opinions of both examining and non-examining State agency medical consultants, since such consultants are deemed to be qualified experts in the field of social security disability. *See* 20 C.F.R. §§ 404.1512(b)(6), 404.1513(c), 404.1527(e). In this case, the ALJ was acting within her discretion to accord significant weight to the opinions from the examining psychiatric consultative examiners. However, it was not within her discretion to pick and choose only evidence that supported her ultimate RFC finding. *See Phelps v. Colvin*, No. 12-CV-976S, 2014 WL 122189, at*4 (W.D.N.Y. Jan. 13, 2014) ("The selective adoption of only the least supportive portions of a medical source's statements is not permissible.") The ALJ rejected part of the opinions, despite giving "significant weight", but did not explain why. *Raymer v. Colvin*, 2015 WL 5032669, *5 (W.D.N.Y. Aug. 25, 2015) ("[W]here the ALJ's 'RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.'

Accordingly, an ALJ who chooses to adopt only portions of a medical opinion must explain his or her decision to reject the remaining portions.") (quoting *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (quoting SSR 96–8p, 1996 WL 374184, *7 (1996))). Even where the limitations opined were vaguely opined as "mild," an ALJ is required to explain why she rejected

7

those limitations. *See Legette v. Colvin*, 2014 WL 4161963, *6 (E.D.N.Y. Aug. 19, 2014) (remanding where "the ALJ failed to consider [plaintiff's] 'mild problems dealing with stress'").

Defendant erroneously focuses on arguing that the ALJ properly concluded there was no severe mental health impairment based on the opinion evidence. (Dkt. No. 13 at 22). Plaintiff has not argued there was a step two error but rather a step four and ultimately step five error. (Dkt. No. 8). Defendant's argument focuses on the Psychiatric Review Technique (PRT) analysis, or the special technique factors. However, SSR 96-8p stresses that the "special technique" described in 20 C.F.R. 404.1520(a) is *not* an RFC assessment, and further, the mental RFC assessment used at steps four and five "requires a more detailed assessment." SSR 96-8p, 1996 WL 374184, at *4. Defendant's argument that a finding of a non-severe mental impairment at step two automatically supports a finding that there are no mental work-related limitations is therefore unsuccessful. (Dkt. No. 13 at 30). Regulations and case law are clear that an RFC determination must account for limitations imposed by both severe and nonsevere impairments. *Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012); *See* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe [ ]' ... when we assess your [RFC]...."); 20 C.F.R. § 416.945(a)(2) (same, but with respect to Supplemental Security Income as opposed to Social Security Disability Insurance).

In sum, the ALJ erred when she afforded "significant weight" to Dr. Ransom and Dr. Ippolito's opinion that plaintiff had mild mental limitations but failed to explain her finding that there were no such mental limitations. Accordingly, remand is required. *See Searles v. Astrue*, No. 09-CV-6117, 2010 WL 2998676, at *4 (W.D.N.Y. July 27, 2010) (remanding where "the ALJ failed to explain why he ignored portions of an opinion for which he granted 'significant weight'

"); *see also McFarland-Deida v. Berryhill*, 2018 WL 1575273, *4 (W.D.N.Y. Apr. 2, 2018) (finding that "the ALJ erred when he afforded 'significant weight' to [the consulting examiner's] opinion that [the plaintiff] had mild hand limitations, but failed to explain his [implicit rejection of those mild limitations]'"). It is not a harmless error as ALJ found plaintiff could performed the jobs of see DOT 299.357-014, 1991 WL 672624 (G.P.O. 1991), survey worker, see DOT 205.367-054, 1991 WL 671725 (G.P.O. 1991), and ticket seller, see DOT 211.467-030, 1991 WL 671853 (G.P.O. 1991). (Tr. 24). These positions all have a high level of interaction with people and may be precluded based on limitations opined by Drs. Ippolito and Ransom and accorded significant weight by the ALJ.

Plaintiff has identified additional reasons why she contends the ALJ's decision is not supported by substantial evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary the Court declines to reach these issues. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 U.S. Dist. LEXIS 165592, at *32 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13-CV-06844 (LGS)(DF), 2015 U.S. Dist. LEXIS 58246, at *80 (S.D.N.Y. Feb. 10, 2015) (The court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, 2015 U.S. Dost. LEXIS 58203 (S.D.N.Y. May 4, 2015).

    **ACCORDINGLY, it is**

        **ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is
        **<u>GRANTED</u>;** and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: February 13, 2020  *J. Gregory Wehrman*  J.G.W.
Rochester, New York  HON. J. Gregory Wehrman
United States Magistrate Judge